IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JESSIE HILL                                                            PETITIONER

v.                NO. 4:22-cv-01081-BRW-PSH

DOES, DEXTER PAYNE,                            RESPONDENTS
and ASA HUTCHINSON

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Jessie Hill ("Hill") appears to challenge his 1995 convictions from Grant and Ouachita Counties by means of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. It is recommended that this case be dismissed sua sponte prior to service of process. This case is yet another attempt by him to challenge his convictions by means of a petition pursuant to 28 U.S.C. 2254. Like in several of his earlier cases filed pursuant to 28 U.S.C. 2254, he failed to seek and obtain authorization to file the petition at bar from the United States Court of Appeals for the Eighth Circuit ("Court of Appeals").

The record reflects that Hill began this case by filing a pleading that the Clerk of the Court construed as a complaint pursuant to 42 U.S.C. 1983. Although the complaint was somewhat difficult to decipher, Hill appeared to challenge certain conditions of his confinement.[1] The undersigned screened the complaint, then directed him to file an amended complaint. He was also directed to either file an application to proceed in forma pauperis or pay the filing fee.

---

[1] For instance, Hill alleged that prison officials are interfering with his legal mail, preventing him from using the prison grievance process, and denying him medical attention for his serious medical needs.

Hill thereafter filed what he characterized, in part, as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the pleading, he appeared to challenge his 1995 convictions from Grant and Ouachita Counties. The undersigned screened the pleading and determined that it should be, and has now been, re-characterized as a petition pursuant to 28 U.S.C. 2254. To date, he has not filed an application to proceed in forma pauperis or paid the filing fee.

The undersigned has reviewed Hill's petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned has also reviewed the record in a case Hill filed in 2021: Hill v. Payne, 4:21-cv-00957-KGB-JTR. In that case, Hill filed a petition pursuant to 28 U.S.C. 2254 and challenged his 1995 convictions from Grant and Ouachita Counties. In an April 22, 2022, order in the case, United States Magistrate Judge J. Thomas Ray outlined Hill's history of challenging his 1995 convictions from Grant and Ouachita Counties in cases filed pursuant to 28 U.S.C. 2254. The outline is as follows and is adopted in full:

> Over twenty years ago, on August 18, 1997, Hill field his first federal habeas action challenging his Grant County conviction. Hill v. Norris, E.D. Ark. No. 5:97CV00384-BRW. On December 9, 1997, United States District Judge Billy Roy Wilson dismissed the case with prejudice. Id. at docs 18 & 19. Hill did not appeal.

On March 19, 2007, Hill filed a second 2254 habeas action challenging the same conviction. Hill v. Norris, E.D. Ark. No. 5:07CV00058-BRW. Judge Wilson dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit Court of Appeals to file a second or successive 2254 petition. Id. at docs. 36 & 37. Hill sought a certification of appealability, which the Eighth Circuit denied. Id. at doc. 56.

On January 15, 2013, Hill filed a third 2254 habeas action challenging his Grant County conviction. Hill v. Hobbs, No. 5:13CV00015-JLH. United States District Judge J. Leon Holmes dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit to file a second or successive 2254 petition. Hill did not appeal.

On September 7, 2016, Hill filed a fourth 2254 habeas action challenging his Grant County conviction. Hill v. Kelley, No. 5:16CV00277-JLH. United States District Judge J. Leon Holmes dismissed the case, without prejudice, to allow Hill to seek permission from the Eighth Circuit to file a second or successive 2254 petition. Id. at docs. 5 and 6. Hill sought a certificate of appealability, which the Eighth Circuit denied. Id. at doc. 17.

Hill also has repeatedly and unsuccessfully filed 2254 challenges to his Ouachita County conviction. See Hill v. Norris, E.D. Ark. No. 5:97CV00257-BRW; Hill v. Norris, E.D. Ark. No. 5:09CV00050-BRW; Hill v. Hobbs, E.D. Ark. No. 5:13CV00014-JLH; Hill v. Kelley, E.D. Ark. No. 5:16CV00258-JLH.

On September 28, 2016, United States District Judge J. Leon Holmes dismissed, without prejudice, Hill's fourth habeas action challenging his Ouachita County conviction so he could seek permission from the Eighth Circuit to file a second or successive 2254 petition. Hill v. Kelley, E.D. Ark. No. 5:16CV00258-JLH at doc. 11. Hill sought a certificate of appealability, which the Eighth Circuit denied. Id. at doc. 19.

4

On August 24, 2018, Hill filed a fifth 2254 habeas action challenging his Grant County conviction. Hill v. Kelley, No. 5:18CV00219-JLH. He also challenged his Ouachita County conviction. United States District Judge J. Leon Holmes dismissed the case, and cautioned that:

> [I]f [Hill] continues to file second or successive habeas actions in the Eastern District of Arkansas, without first obtaining permission from the Eighth Circuit Court of Appeals to pursue such litigation challenging his 1995 convictions in Grant County Circuit Court or Ouachita County Circuit Court, he may have restrictions placed on his right to file such future actions in the Eastern District of Arkansas.

Id. at doc. 7.

See Hill v. Payne, No. 4:21-cv-00957-KGB-JTR, Docket Entry 3 at CM/ECF 2-4. Despite Judge Holmes' warning, Hill filed 4:21-cv-00957. Judge Ray recommended that 4:21-cv-00957 be dismissed sua sponte because Hill failed to first obtain permission to file the petition from the Court of Appeals. Judge Ray also recommended that Hill be placed on "the restricted filer list," see Id. at 4, and Hill be restricted from filing "future habeas actions in the Eastern District of Arkansas" challenging his 1995 convictions from Grant and Ouachita Counties without first obtaining permission to file the actions from the Court of Appeals, see Id. at 6.[2]

---

[2] United States Kristine G. Baker has yet to act on Judge Ray's report and recommendation.

The filing of a second or successive petition pursuant to 28 U.S.C. 2254 is governed by 28 U.S.C. 2244(b)(3). The paragraph provides, in part, that before a second or successive petition pursuant to 28 U.S.C. 2254 can be filed in the district court, the petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. The statutory language is clear that appellate court permission must be obtained before a second or successive petition can be filed in the district court. See Burton v. Stewart, 549 U.S. 147 (2007).

Here, there is nothing to suggest that Hill sought and obtained authorization to file the petition at bar from the Court of Appeals. Although his petition invokes not only 28 U.S.C. 2254 but other statutes and rules, e.g., Federal Rule of Civil Procedure 15, Federal Rule of Civil Procedure 29, Federal Rule of Civil Procedure 60, 28 U.S.C. 241, 28 U.S.C. 242, 28 U.S.C. 2106, he cannot bypass the authorization requirement by simply "changing how he characterizes his [p]etition." See Hill v. Payne, No. 4:21-cv-00957-KGB-JTR, Docket Entry 3 at CM/ECF 5 (citing United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005)). Unless and until Hill obtains the required authorization from the Court of Appeals, the Eastern District of Arkansas lacks subject matter to consider his petition. See Burton v. Stewart, 549 U.S. at 157.

The undersigned recognizes that sua sponte dismissals are not favored. See Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988). Nevertheless, there is nothing to suggest that Hill sought and obtained authorization to file the petition at bar from the Court of Appeals. It is therefore recommended that this case be dismissed sua sponte, but without prejudice, so that he can seek and obtain authorization to file his petition from the Court of Appeals. All requested relief should be denied, and judgment should be entered for the respondents. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied.

DATED this 19th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE